# United States Court of Appeals
# for the Fifth Circuit

No. 23-50798
consolidated with
No. 23-50799
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Francisco Valtierra Zuniga,

*Defendant—Appellant*.

_____

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:23-CR-222-1,
4:23-CR-413-1

_____

Before King, Haynes, and Graves, *Circuit Judges.*

Per Curiam:[*]

Francisco Javier Valtierra Zuniga appeals his sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2), as well as the revocation of the term of supervised release he was serving at the time of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the offense. Valtierra Zuniga argues that the recidivism enhancement in § 1326(b) is unconstitutional because it permits a sentence above the applicable maximum in § 1326(a), based on facts neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Valtierra Zuniga acknowledges that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he nevertheless seeks to preserve it for possible Supreme Court review. Accordingly, Valtierra Zuniga has filed an unopposed motion for summary disposition. Because Valtierra Zuniga does not address the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). As Valtierra Zuniga concedes that his argument is foreclosed, summary disposition is appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Valtierra Zuniga's motion is GRANTED, and the district court's judgment and order revoking supervised release are AFFIRMED.